JOHN BRADY *vs.* HENRY F. LONG.

Suffolk. November 16, 1933. — February 15, 1934.

Present: RUGG, C.J., PIERCE, DONAHUE, & LUMMUS, JJ.

*Tax,* Excise: reimbursement. *Gasoline.*

Section 7 of G. L. (Ter. Ed.) c. 64A did not require payment by the Commonwealth of a claim by a purchaser of gasoline for reimbursement of an excise which had been paid upon such portion of the gasoline as was consumed in a manner other than in the operation of motor vehicles upon or over the highways of the Commonwealth, where it was "impossible and impracticable" "to calculate and itemize" the amount so used "with more than reasonable certainty," although such amount could be and was "calculated and itemized with such reasonable certainty as is possible and practicable."

PETITION, filed in the Supreme Judicial Court for the county of Suffolk on June 9, 1933, and afterwards amended, for a writ of mandamus.

The respondent demurred. The demurrer was heard by *Crosby,* J., and was sustained. The plaintiff alleged an exception.

*Woodbury F. Howard,* for the plaintiff.

*C. F. Lovejoy,* Assistant Attorney General, for the defendant.

PIERCE, J. The case is before this court upon the exception of the petitioner to an order of a single justice of the Supreme Judicial Court sustaining a demurrer to a petition for a writ of mandamus. The petition seeks to compel the respondent to approve for payment and submit to the comptroller of the Commonwealth for certification a claim, presented by the petitioner to the respondent, for reimbursement of the excise tax paid in connection with pur-

chases of gasoline, the tax being at the rate of three cents a gallon (G. L. [Ter. Ed.] c. 64A, § 4; St. 1932, c. 248). The petitioner alleges that the quantity of gasoline as to which he seeks reimbursement for the tax was not consumed in the operation of motor vehicles "upon or over the highways of" this Commonwealth within the meaning of those words as used in G. L. (Ter. Ed.) c. 64A, § 7, and that under the provision of said § 7 he is entitled to the reimbursement claimed.

The petitioner is a resident of and has a usual place of business in Lowell, Massachusetts. In connection with his business he operates a number of large and small motor trucks. These trucks beside travelling on the highways are part of the time in operation on private land while they are being loaded or unloaded. From February 21, 1933, until May 21, 1933, the petitioner purchased twenty-two thousand nine hundred forty gallons of gasoline, of which seven hundred eighty were used to operate a machine in a repair shop, and eight thousand one hundred seventy-eight gallons by estimate were not used in the operation of his motor vehicles upon or over the highways of the Commonwealth. On May 21, 1933, the petitioner, within ninety days from the date of purchase or invoice of these eight thousand nine hundred fifty-eight gallons of gasoline, filed with the respondent his application and affidavit upon the form approved and prescribed by the respondent, and accompanied by the original invoices or sales slips properly filled out. Upon the application, in answer to the question, "How fuel was used" appearing on said form, the petitioner answered: "See attached slip." A copy of the attached slip appears in the petition. This slip shows that nine large and small trucks each working day averaged to consume in use, not upon the highway, one hundred five gallons of gasoline. The "attached slip" also alleged that "8 Trucks every day for two weeks from bank at Mammoth Road to the Laurier Ball Field — trucking 7000 yards of filling — gasoline used on field and at Mammoth Road bank, [consumed] 8 gallons per truck, 768 gallons not used on highways." Between February 21,

1933, and May 21, 1933, there were seventy-eight full working days. The petitioner computed the above eight thousand nine hundred fifty-eight gallons of gasoline by multiplying the items totalling one hundred five gallons of gasoline on said attached slip by said seventy-eight and adding the items totalling seven hundred sixty-eight on said attached slip to the product thereof, all of which was well known to the respondent. The petition states: "It is impossible and impracticable, as the respondent well knew and knows, to calculate and itemize the amount of gasoline not used over or upon the highways of this Commonwealth, over a ninety day period, with more than reasonable certainty, and the amounts computed by the petitioner are calculated and itemized with such reasonable certainty as is possible and practicable." On May 27, 1933, the respondent notified the petitioner, in writing, that the application (above referred to) was denied in so far as it related to the consumption of gasoline by motor vehicles duly registered in this Commonwealth, whether or not said gasoline was used to operate said motor vehicles upon or over the highways of this Commonwealth.

The demurrer of the respondent to the amended petition was based upon two grounds: (1) "The allegations of the amended petition do not entitle the respondent [petitioner?] to the relief prayed for"; and (2) "It appears from the allegations of paragraph 6 of the amended petition that the application for refund on account of 8,958 gallons was not based upon any accurate measurement of that amount, but was based upon an estimate as set forth in paragraph 6 of the petition. And the respondent is not required by the statute, G. L. c. 64A, § 7, to grant a refund based upon such an estimate." The demurrer was sustained on both grounds.

G. L. (Ter. Ed.) c. 64A, § 7, reads: "Unless otherwise provided by the rules or regulations of the commissioner made under authority of this section, any person who shall buy any fuel, on which an excise has been paid or is chargeable under this chapter, and shall consume the same in any manner except in the operation of motor vehicles upon or over the highways of the commonwealth, shall be reimbursed

the amount of said excise in the manner and subject to the conditions herein provided. All claims for reimbursement shall be made by affidavit in such form and containing such information as the commissioner shall prescribe, and shall be accompanied by original invoices or sales receipts, and shall be filed with the commissioner within ninety days from the date of purchase or invoice. The commissioner may require such further information as he shall deem necessary for the determination of such claims, and shall within thirty days after receipt transmit all claims approved by him to the comptroller for certification; and the amount approved by the commissioner and certified as aforesaid shall be paid forthwith from the proceeds of the excise tax levied under this chapter, without specific appropriation. The commissioner shall provide by reasonable rules or regulations for the sale of fuel, free of the excise imposed by this chapter, by any person, to the ultimate purchaser upon the receipt of a written statement, signed by such ultimate purchaser, that such fuel is intended to be consumed in some manner other than in the operation of motor vehicles upon or over the highways of the commonwealth, and if such excise has already been paid or is chargeable, for the reimbursement, out of the proceeds of the excise levied under this chapter, of the person so selling such fuel, to the amount of such excise."

In support of the grounds of demurrer the respondent, in substance, contends that the statute is to be construed as providing for reimbursement only when none of the fuel constituting one purchase and covered by one invoice is used upon the highways; that the last part of the section, which makes provision for the sale of fuel free of the excise imposed by the chapter, does so upon condition that the seller shall procure and deliver to the commissioner a "written statement, signed by such ultimate purchaser, that such fuel is intended to be consumed in some manner other than in the operation of motor vehicles upon or over the highways of the commonwealth." He, therefore, contends that the exemption applies only when none of the fuel included in a purchase is to be used on the highways; and that the provision for reimbursement to the purchaser, contained in the first

part of the section, must have the same meaning, that is, that the words "any fuel" and "shall consume the same" with the provision for filing the invoice or sales receipt, indicate that there is to be reimbursement only when none of the fuel included in a purchase is to be used on the highways. He states that in the instant case it does not appear that the petitioner can produce an invoice or sales receipt to which he can make an affidavit that none of the fuel covered therein was consumed on the highways, and that all that is shown by the petition is that out of the fuel covered by a number of purchases an unidentified part, the amount of which the petitioner attempts to estimate, was used on private land. The petitioner's contention is that he has calculated and itemized the amounts of gasoline used for purposes which allow of reimbursements with reasonable certainty; that the law does not require the impossible, and that statutes are to be construed in a manner to effect their reasonable operation in matters which do not admit of mathematical exactness. We are of opinion the statute is not to be construed as requiring payments from the treasury of the Commonwealth of claims for reimbursement, the amount of which it "is impossible and impracticable" to calculate and itemize, even if such a claim can be calculated and itemized with such reasonable certainty as is possible and practicable.

*Exceptions overruled.*